UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMAL PETROLEUM ET AL** | : | **CIVIL ACTION NO. 15-2040** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **TOMMY CHASSION, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Complaint filed on July 7, 2015 by Jamal Petroleum, Mohammad Akram, Jamal Abassi, and Tariq Javed (collectively referred to as "plaintiffs"). Doc. 1. The complaint was filed by Josylyn Alex as attorney for plaintiffs. On November 18, 2015 the Clerk of Court issued a Notice of Intent to Dismiss the case for failure to effect service on the defendants within 120 days of the institution of the suit. Doc. 3. The notice also stated that within fourteen (14) days plaintiffs should file a motion for extension of time to effect service if good cause existed for the failure to serve. If no such filing was made, the notice warned that the complaint would be dismissed under Local Rule 41.3.

On November 23, 2015, a Motion for Extension of Time to Effect Service was filed on behalf of plaintiffs by attorney Valerie Gotch Garrett. Doc. 4. The motion was deficient and, on November 24, 2015, the Clerk of Court issued a Notice of Deficiency informing Ms. Garrett that the plaintiffs were already represented by other counsel and that a motion to enroll as co-counsel or a motion to substitute counsel was required to remedy the pleading. Doc. 5. The notice provided ten (10) days within which to correct the document and warned that if the pleading was not corrected it could be stricken by the court.

On November 24, 2015, attorney Valerie Gotch Garrett filed a Motion to Substitute herself as counsel of record. Doc. 6. This motion was also deficient and, on the same day, the Clerk of Court issued a Notice of Deficiency informing her of the deficits and giving her ten (10) days to correct the pleading. The notice also warned that if it was not corrected the pleading could be stricken by the court. Doc. 7.

As of this date neither the Motion for Extension of Time to Effect Service [doc. 4] nor the Motion to Substitute [doc. 6] has been corrected and we find that both pleadings should be stricken from the record.

Further, counsel has not taken any action to effect service of process on the defendants since the Notice of Intent to Dismiss for Failure to Effect Service was issued. Accordingly, we recommend that the complaint be dismissed in accordance with Local Rule 41.3 which states that "a civil action may be dismissed … where no service of process has been made within 120 days after filing of the complaint."

It is therefore **ORDERED** that the Motion for Extension of Time to Effect Service [doc. 4] and the Motion to Substitute [doc. 6] be **STRICKEN** from the record.

It is further **RECOMMENDED** that the Complaint [doc. 1] be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the

-3-

date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

Plaintiff is further advised that, in accordance with Local Rule 41.3 and for good cause shown, this matter may be reinstated within 30 days of the court's dismissal pursuant to the Report and Recommendation.

THUS DONE AND SIGNED in Chambers this 19th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE